STEPHENS LITHOGRAPHING & ENGRAVING COMPANY, Respondent, v. JAMES C. SHARP, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. APPELLATE PRACTICE: Specification of Errors: Indefiniteness. A complaint, on appeal, that a return in a summons "did not correspond with the statute of the State of Missouri in such cases made and provided," was not sufficiently stated, as the court will not undertake to hunt through the statutes to ascertain in what particular they have been disregarded.

2. JUSTICES' COURTS: Pleading: Action on Account: Filing of Account Jurisdictional. A suit may be commenced before a justice of the peace without filing a statement, if the action is on an account, but the filing of the account in such case is an indispensable requisite.

3. ———: ———: Sufficiency of Statement of Account. While a statement filed before a justice of the peace that defendants were partners doing business under the style of Sharp Manufacturing Company and were justly indebted to plaintiff in the sum of $187.20, for goods sold and delivered to defendants at their request, and an itemized account attached to it, in the following form,—

2-24 To Mdse............. ....................$ 67.50
3-8 ............... ............................. ... 119.70
                                                    ————
                                                    187.20

were subject to objection because of the absence of dates in either, yet they were sufficient to give the court jurisdiction of the subject-matter.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule*, Judge.

AFFIRMED.

*R. T. Stillwell* for appellant.

Statement of account filed before justice of the peace must be sufficient to identify the particular mer-

chandise sued for and to bar any other action on account of the same demand, and an account for merchandise filed before a justice of the peace which did not show the dates at which the merchandise was sold nor the nature of the articles so that they could be identified was insufficient to support a judgment. Rechnitzer v. Vogelsang, 117 Mo. App. 148; Drug Co. v. Johnson, 80 Mo. App. 428; McCrary v. Good, 74 Mo. App. 425; Doggett v. Blanke, 70 Mo. App. 499; Lamb v. Busch, 49 Mo. App. 337; Drug Co. v. Crider, 124 Mo. App. 110; Mercantile Co. v. Devore, 130 Mo. App. 342.

*P. A. Griswold* for respondent.

It is too late to object for the first time in a court of last resort that the statement filed in the justice court was defective if the same was sufficient to clothe the justice with jurisdiction of the case. R. S. 1899, secs. 660, 672; Hartford v. Boyes, 56 Mo. App. 139; Meyer v. Chambers, 68 Mo. 626; Gffeller v. Graefman, 64 Mo. App. 162; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Murphy v. Ins. Co., 70 Mo. App. 78; Mercantile Co. v. Devore, 130 Mo. App. 339.

REYNOLDS, P. J.—The plaintiff in this case filed in the office of a justice of the peace of the city of St. Louis a statement to the following effect: That the defendants, James C. Sharp and H. H. Keck, as partners, were doing business under the style of Sharp Manufacturing Company, and that they were justly indebted to plaintiff in the sum of $187.25, "on account of goods, wares and merchandise by the plaintiff to the defendants sold and delivered at defendants' special instance and request, an itemized account of which, marked 'Exhibit A' is hereto attached; that demand of payment thereof was made on defendants on February 24, 1902, and by defendants refused." Judgment is prayed for the amount and interest from date of demand. The

account attached is as follows, both in items and arrangement:

"St. Louis, April 1, 1902.

"Sharp Mfg. Co., 411 Fullerton Bldg., City.

Stephens

Lithographing & Engraving Co.

Blank Books and Printing.

Second and Vine Sts.

Terms Cash.

Payable in St. Louis, Chicago or New York Exchange.

To Balance

| | |
|---|---|
| 2\|24 To Mdse. .....................$ 67.50 |
| 3\|8 ............... .................. 119.70 |

$187.20"

'Exhibit A.' "

It appears from the transcript of the justice that summons and alias summons being issued to the constable, were returned by him endorsed "not found," and afterwards summons was issued and placed in the hands of a special constable, duly designated and appointed at the risk  and request of plaintiff as provided by statute.   This alias summons, more correctly, pluries, was returned as served on James C. Sharp. No return was made as to the defendant Keck.

At the day set for trial, as appears by the transcript of the justice, Sharp, although called, came not, but made default.   The justice having waited the three hours required by statute, heard the evidence and rendered judgment in favor of plaintiff against Sharp for the amount sued for, $187.25, and for costs, plaintiff dismissing as to Keck.   Afterwards a transcript of this judgment of the justice was filed in the office of the clerk of the circuit court and execu-

tion issued thereon out of that office, whereupon Sharp moved to quash the execution. On the hearing of this motion the plaintiff introduced no testimony, but the defendant Sharp introduced the papers in the cause, as above, which were of the files of the justice. This was all the evidence in the case. The motion to quash the execution was overruled, Sharp excepting, and thereafter appealed to this court, having filed his motion for new trial in due course. The grounds for quashing the execution, as set out in the motion, are that the judgment of the justice is void and of no effect, for the reason that the justice did not have any jurisdiction of said cause, in that his judgment purported to be based upon an account claimed to be due from the defendants to plaintiff, that no itemized statement of the account was ever filed in said cause as required by the law, that no items nor years were given in the account, that the judgment is no bar to an action that might be brought by plaintiff against the defendants. The second ground of the motion is that the return made by the special deputy did not show due service.

The learned counsel for the appellant does not call our attention to what he complains of in the return, contenting himself with saying that "this did not correspond with the statute of the State of Missouri in such cases made and provided." We cannot undertake to hunt through the statutes to ascertain in what particular they have been disregarded.

The proposition that the statement and account together do not state a cause of action, is, however, clearly and industriously briefed, reference being particularly called to the Revised Statutes 1899, section 3853, requiring a bill of items to be filed, when the action is on an account. This, it is true, is jurisdictional. A suit may be commenced before a justice without filing a statement, other than the account, if the action is on an account, but filing the account is an indispensable requisite. We have set out the state-

ment and the account accompanying it. While it may be that both are subject to objection for want of dates, the justice undoubtedly had jurisdiction of the subject-matter. He appears to have had jurisdiction of the defendant Sharp.

The judgment of the circuit court is affirmed. All concur.